# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD JOHNSON § | | |
| (Travis Co. #1825419) § | | |
| § | | |
| V. § | A-20-CV-073-RP | |
| § | | |
| TRAVIS COUNTY DISTRICT § | | |
| ATTORNEY MARGARET MOORE § | | |
| and TRAVIS COUNTY ATTORNEY § | | |
| DAVID ESCAMILLA § | | |

## ORDER

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed *in forma pauperis*. After consideration of the complaint, it is dismissed for failure to state a claim upon which relief can be granted.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Travis County Correctional Complex in Del Valle, Texas. State court records reflect Plaintiff was indicted for Aggravated Robbery, Habitual (D-1-DC-18-301601), Aggravated Kidnapping, Habitual (D-1-DC-18-301598), and Aggravated Robbery, Enhanced (D-1-DC-18-204338). Plaintiff's criminal cases are currently pending.

In his civil-rights complaint Plaintiff challenges his pretrial detention. Plaintiff complains he has been a pretrial detainee for over 17 months. Plaintiff contends his indictment is defective, and the state court has failed to rule on several motions he filed pro se. Plaintiff alleges the State has delayed his prosecution and denied him access to the courtroom.

Plaintiff sues Travis County District Attorney Margaret Moore and Travis County Attorney David Escamilla. He seeks a declaratory judgment, compensatory damages, and his immediate release.

## DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

B. Eleventh Amendment Immunity

Plaintiff's claims seeking monetary relief against District Attorney Margaret Moore, in her official capacity are barred by Eleventh Amendment Immunity. When acting in their official capacities, Texas district attorneys are considered agents of the state, which are immune from claims for damages under the Eleventh Amendment. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Therefore, Plaintiff's claims against the Travis County District Attorney, in her official capacity for monetary damages, are barred.

C. Prosecutorial Immunity

Plaintiff's claims against District Attorney Margaret Moore and Travis County Attorney David Escamilla in their individual capacities for monetary damages are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a

judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions or inactions taken by the prosecuting attorneys during Plaintiff's criminal proceedings which are protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by either defendant that were outside the course and scope of representing the District Attorney's Office or the Travis County Attorney's Office in

Plaintiff's criminal proceedings. In fact, Plaintiff does not even allege Defendants Moore or Escamilla were personally involved in his prosecution.

D. Municipal Liability

To the extent Plaintiff sues Defendant David Escamilla in his official capacity, his claims fail. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights.

E. Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

5

release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Plaintiff makes no allegations suggesting he has exhausted his state court remedies. Rather, Plaintiff indicates he has filed pro se motions that are currently pending before the state court.

It is therefore **ORDERED** that Plaintiff's claims seeking monetary relief against Defendant Moore in her official capacity are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, Plaintiff's claims seeking monetary relief against Defendants Moore and Escamilla in their individual capacities and Plaintiff's claims seeking monetary relief against Defendant Escamilla in his official capacity are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, and Plaintiff's claims seeking declaratory or injunctive relief are **DISMISSED WITHOUT PREJUDICE** to filing a petition for writ of habeas corpus after he has exhausted his state court remedies.

Plaintiff is warned if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is further **ORDERED** that the Clerk is directed to e-mail a copy of the Court's Order and Judgment to the keeper of the three-strikes list.

**SIGNED** on February 24, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE